## EXHIBIT D

## GUARANTY

This Guaranty dated as of ___November 6___, 2003, is given by the undersigned, Dolat D. Patel (individually a "**Guarantor**" and collectively "**Guarantors**"), to La Quinta Franchising LLC ("**Franchisor**"), in order to induce Franchisor to accept Cordelia Hotel Ventures, Inc. ("**Franchisee**") as a franchisee of Franchisor.

Each Guarantor, independently of the obligations of Franchisee, does hereby, jointly and severally, guaranty to Franchisor the prompt payment and performance, when due, of each and every obligation of Franchisee under that certain Franchise Agreement dated on or about the same date as this Guaranty, consisting of such Franchise Agreement, the Basic Terms and Supplemental Terms thereof, and each exhibit, rider and addendum thereto, including any renewal, replacement or modification of any of the foregoing (the "**Agreement**"). Each Guarantor represents and warrants that each Principal Owner is the sole and exclusive beneficial owner of his Ownership Interest in Franchisee, free and clear of all liens, restrictions, agreements and encumbrances of any kind or nature, other than those required or permitted by the Agreement.

This Guaranty shall be deemed continuing in nature. Upon default by Franchisee or notice from Franchisor, the undersigned will immediately make each payment and perform each obligation required of Franchisee under the Agreement. Without affecting the obligations of the undersigned under this Guaranty, Franchisor may, without notice to the undersigned, renew, extend, modify, amend or release any indebtedness or obligation of Franchisee, or settle, adjust or compromise any claims against Franchisee. Presentment, demand, protest, notice of protest and dishonor, and diligence in collecting any obligation under the Agreement are each waived by Guarantors. Franchisor may pursue its rights against any Guarantor without first exhausting its remedies against Franchisee or any Guarantor and without joining any other Guarantor hereto and no delay on the part of Franchisor in the exercise of any right or remedy shall operate as a waiver of such right or remedy, and no single or partial exercise by Franchisor of any right or remedy shall preclude the further exercise of such right or remedy.

The obligation of each Guarantor hereunder is an absolute and unconditional obligation, and constitutes a guaranty of payment and performance. Separate action or separate actions may be brought and prosecuted against Guarantors whether action is brought against Franchisee or whether Franchisee is joined in any such action or actions. Guarantors waive to the fullest extent permitted by law, the benefit of any statute of limitations affecting their liability under, or the enforcement of, this Guaranty, any payment by Franchisee or other circumstance that operates to toll any statute of limitations as to Guarantors. Each Guarantor hereby expressly waives notice of the acceptance of this Guaranty.

This Guaranty and the liabilities and obligations of Guarantors hereunder are binding upon Guarantors and their respective heirs, executors, successors and assigns, and inure to the benefit of and are enforceable by Franchisor and its successors, transferees, and assigns. This Guaranty may not be waived, altered, modified, or amended except in writing duly signed by an authorized officer of Franchisor and by Guarantors.

If any provision of this Guaranty contravenes or is held invalid under the laws of any jurisdiction, this Guaranty shall be construed as though it did not contain that provision, and the rights and liabilities of the parties to this agreement shall be construed and enforced accordingly.

THIS GUARANTY SHALL BE GOVERNED BY AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, WITHOUT GIVING EFFECT TO THE CHOICE OF LAW PRINCIPLES THEREOF.

The undersigned have signed this Guaranty to be effective as of the date first set forth above.

**GUARANTOR(S)**

_____

Dolat D. Patel

Dated: _____, 2003